## C. L. Grable v. The State.

### No. 1122. Decided April 19, 1911.

**1.—Butcher's Bond—Indictment—Transfer.**

Where, upon appeal from a conviction of failing to give bond as a butcher, etc., the record showed a proper transfer of the indictment from the District to the County Court, there was no error.

**2.—Same—Repeal—Statutes Construed.**

Article 892 of the Penal Code, under which defendant was prosecuted for carrying on the business and occupation of a butcher, etc., without having filed a bond, was not repealed by the Act of February 20, 1909.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe,

Appeal from a conviction of doing business as butcher without filing bond; penalty, a fine of $5.

The opinion states the case.

*L. W. Sandusky* and *F. G. Thurmond,* for appellant.—On question of transfer of indictment: Moore v. State, 81 S. W. Rep., 48.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for carrying on the business and occupation of a butcher and slaughter of animals for market without having filed with the county clerk a bond of not less than two hundred nor more than one thousand dollars, as theretofore fixed by law under article 892 of the Penal Code.

1. There are two questions in the case. The appellant made a motion to quash the indictment because there was no transfer from the District to the County Court of the indictment at the time the motion was made. The court below overruled the motion to quash. The record before us, properly certified by the clerk, shows that the indictment was returned and filed in the District Court of Mitchell County on June 15, 1910, and properly entered on the minutes of the District Court at the time, with all of the necessary orders and recitations of fact as prescribed by law. That on the same day the proper order was entered by the district judge transferring the case to the County Court, and that such transfer was properly certified, and the indictment and papers on the same day filed in the County Court. Jesse H. Bullock appears to have been both the district and county clerk of said county. The transfer and all of the orders and files necessary are clearly and fully shown by the record before us. It further shows that on the same day a warrant was issued from the County Court to the sheriff for the arrest of the defendant, and that he was on the same day arrested, and gave bond for his appearance before the County Court.

It seems that in answer to a motion in arrest of judgment claiming that there was no proper transfer from the District to the County Court of the indictment and papers therein in such contest, there were filed certified copies on November 4, 1910, the date on which this motion came up. Why this was done is not made clear to us by the record. There is also what purports to be an agreement shown by the record, agreeing to certain things about the transfer of the case from the District to the County Court, but this agreement is signed by no one, is not approved by the court, and has no file mark thereon. So that we do not consider the matters connected therewith. As the record appears before us it shows a proper transfer from the District to the County Court, and the motion to quash the indictment on that ground was properly overruled.

2. The only other question is, appellant contends that the indict-

ment charges a violation of no law of the State, and that the verdict of the jury is contrary to and unsupported by the evidence. Appellant contends that by the Act of the Legislature of February 20, 1909, page 30, wherein Mitchell County is exempted from the provisions and operation of articles 5002 to 5042, inclusive, of chapter 6, title 102, of the Revised Statutes of 1895, that the said articles of the Penal Code are thereby repealed. These articles of the Revised Statutes, and the chapter and title referred to are on the subject more particularly of the inspection of hides and animals, and this Act of 1909, in adding Mitchell County to those exempted from the operation of those particular articles, chapter and title of the Revised Statutes, states in its face that it is "relative to the inspection of hides and animals." The article of the Code under which this prosecution was had is under chapter 3 of title 102 on the subject of the sale, slaughter and shipment of animals, and the article of the Revised Statutes as originally enacted from which this article of the Penal Code was taken, was originally article 4948. So that we conclude the said article of the Penal Code under which this prosecution was had, is still the law, and was not repealed by said Act or any other Act subsequent thereto by the Legislature.

The evidence is full and clear to sustain the conviction. The judgment is therefore affirmed.

*Affirmed.*